UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL CECERE, ET AL.,
AND ALL THOSE SIMILARLY
SITUATED,
        Plaintiffs

v.

CITY OF REVERE,
        Defendant

## COMPLAINT AND JURY DEMAND

### SUMMARY

1. Under the Fair Labor Standards Act, 29 U.S.C. § 207(a), a covered employer must pay its covered employees 1.5 times their "regular rate of pay" for all hours they work in excess of 40 in their workweeks. The regular rate of pay must be determined not just on the basis of an employee's base rate of pay, but on all forms of remuneration an employee earns in a workweek, divided by the number of hours the employee actually worked. In this action, Plaintiffs are current or former unionized employees, covered by the FLSA, of the Defendant, the City of Revere ("Defendant" or "Revere"), in its Public Works Department. Under the collective bargaining agreement between Plaintiffs' union and Defendant, in addition to base hourly wages, Defendant must pay Plaintiffs other forms of remuneration, including, *inter alia*, longevity payments, pay-

1

ments for holding educational degrees, hourly differentials for having achieved different licensures, and hourly shift differentials for Saturday work.  Defendant violates § 207(a) of the Fair Labor Standards Act because it pays Plaintiffs FLSA mandated overtime on the basis of their base hourly wages only, without including these other forms of remuneration in a proper regular rate calculation.  Hereinafter, Defendant's practice in this regard will be referred to as Defendant's "Illegal Regular Rate Calculation Policy."  Defendant's Illegal Regular Rate Calculation Policy has deprived Plaintiffs of wages due and owing them under the FLSA.  Plaintiffs seek to be made whole for all unpaid wages, an equal amount of liquidated damages, and costs and attorney's fees, as mandated by § 216(b) of the FLSA.

**PARTIES**

2.  Plaintiffs Michael Cecere, Paul Argenzio, Raymond Adreani, Gary Cioffi, Jay Dambrosio, Fred Dandrow, Anthony Deangelis, Joseph DeMattio, Edward Demauro, Michael DiPaolo, John E. Doherty, Martin Goyna, Michael Ferragamo, David Fiore, Anthony Giannino, Joseph Hickey, Andrew Hudson, Joseph Lake, Paul Lavery, Joseph Maglione, John Maniscalo, Mark Martelli, Matthew Martelli, Brian Mucci, Mario Penta, Stephen Penta, Kenneth Pressly, Robert Rotondo, Richard Sarro, Richard Sposito, and Angelo Verdura are unionized employees or former unionized employees of the Defendant City of Revere's Department of Public Works, and at times relevant to this action, have

been subject to the Illegal Regular Rate Calculation.

3. Defendant City of Revere is a municipality organized under the laws of the Commonwealth of Massachusetts. It is located in Suffolk County.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this Complaint pursuant to 28 U.S.C. §1331, and 29 U.S.C. § 216(b).

5. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because all the parties to this action reside in this District.

## COLLECTIVE ACTION ALLEGATIONS

6. Plaintiffs seek to bring this action on behalf of themselves and all those similarly situated individuals pursuant to § 216(b) of the FLSA. Annexed hereto as Exhibits 1A-1EE are the written consents of Plaintiffs to the filing of this Complaint pursuant to § 216(b) of the FLSA. Plaintiffs are similarly situated because as unionized employees, their terms and conditions of employment are subject to a collective bargaining agreement (Ex. 2) and uniformly implemented personnel policies. Plaintiffs and similarly situated employees are all subject to Defendant's Illegal Regular Rate Calculation.

## FACTUAL ALLEGATIONS

7. Plaintiffs are employees within the meaning of § 203(e) of the FLSA.

8. Defendant is an "employer" within the meaning of § 203(d) of the FLSA.

9. Defendant's employment of Plaintiffs and all other members of Local 880 is subject to the overtime requirements of § 207(a) of the FLSA.

10. Plaintiffs and other members of Local 880 have during the past three years worked more than 40 hours in many workweeks, and thus have been entitled to overtime pay under the FLSA.

11. Under the collective bargaining agreement between Local 880 and Defendant, in addition to base pay, Defendant must pay Plaintiffs and other members of Local 880 the following forms of remuneration that must be included in the calculation of their regular rate calculations under § 207(a) of the FLSA:

    12. Shift differential for Saturday work (Ex. 2, Article 6.1.1.1);

    13. Longevity pay (Ex. 2, Article 14.2; 14.3);

    14. An annual payment of 3% of a Plaintiff's per annum salary for earning an associate's degree; an annual payment of 6% of a Plaintiff's per annum salary for Bachelor's Degree; a 10% of a Plaintiff's per annum salary for a Master's Degree (Ex. 2, Article 14.4);

    15. A differential of 48 cents per hour for holding a valid CDI license (Ex. 2, Article 14.5);

    16. A stipend of $1,500.00 annually for holding the position of Safety Officer (Ex. 2, Article 14.6); and

4

17. An annual stipend of $1,200.00 for holding a Pesticide Certificate (Ex. 2, Article 14.7).

# COUNT I
# Claim under the FLSA

18. All allegations in this Complaint are hereby incorporated by reference.

19. Section 207(a) of the FLSA requires covered employers to pay covered employees one and one-half times their "regular rate" of pay for all hours the employees work in excess of 40 in a workweek.

20. Under the FLSA, the regular rate is determined by dividing an employee's "total remuneration" for employment in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid. "Total remuneration" under the FLSA means all wages earned by the employee during that week from whatever work was done and by whatever pay methods are used. Base pay and other forms of remuneration, including the remuneration mandated by the CBA set forth herein, must be included in the regular rate of pay.

21. In violation of Section 207(a) of the FLSA, Defendant does not include these other forms of remuneration in determining Plaintiffs' regular rate of pay, but pays overtime wages on the basis of the Plaintiffs' base hourly rates of pay.

22. Plaintiffs have been harmed injured and damaged by Defendant's violation of the FLSA because Defendant has not paid them all wages due and owing them as required by the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follow:

A. An order allowing this action to proceed as a representative collective action under the FLSA, 29 U.S.C. § 216(b);

B. Judgment awarding Plaintiffs and all similarly situated employees all unpaid overtime compensation, liquidated damages, attorneys' fees and costs as mandated under the FLSA, 29 U.S.C. § 216(b);

C. An award of pre- and post-judgment interest on all amounts awarded at the highest rate allowable by law; and

D. All such other and further relief to which Plaintiffs may show themselves to be justly entitled.

## JURY DEMAND

A trial by jury is demanded on all counts so triable.

>Respectfully submitted,
>
>PLAINTIFFS,
>
>By their attorney,
>
>s/Daniel W. Rice_____
>Daniel W. Rice, BBO # 559269
>GLYNN, LANDRY,
>& RICE, LLP
>25 Braintree Hill Office Park, Suite 408
>Braintree, Massachusetts 02184
>(781) 849-8479 (office)
>(781) 964-8377 (mobile)
>daniel.rice@glhrlaw.com

Dated:  January 30, 2012