UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MICHAEL CECERE, ET AL., AND
ALL THOSE SIMILARLY SITUATED,
      Plaintiffs

v.

CITY OF REVERE,
      Defendant

C.A. No. 12-10177-DPW

## ORDER GRANTING APPROVAL OF FLSA SETTLEMENT

WHEREAS,

A.      On or about January 22, 2014, the parties in this action moved for approval of a Joint Motion for Approval of Settlement Agreement Pursuant to § 216(B) of the Fair Labor Standards Act (the "Settlement Agreement"), with supporting memorandum.

B.      This Court has duly considered all representations and submissions presented by the parties in connection with this action and the aforementioned Joint Motion:

NOW THEREFORE, after due deliberation, this Court hereby orders that the Settlement Agreement is fair, reasonable and adequate, and is therefore approved, based on the following:

1.      The Plaintiffs in this action are 34 present or former unionized employees of the Defendant City of Revere's Department of Public Works ("Defendant").

2.      Plaintiffs commenced this action on January 30, 2012, alleging that the City of Revere had underpaid them wages they were entitled to under the FLSA's

1

overtime provision, 29 U.S.C. § 207(a). Summarily, Plaintiffs alleged that under §
207(a), an FLSA covered employer like Defendant must pay a covered employee 1.5
times his "regular rate of pay" for all hours the employee actually works in excess of 40
in a workweek. Under § 207(a), the regular rate of pay must include not just base wages,
but other forms of remuneration called for by the collective bargaining agreement,
including, in this case, the Plaintiffs' longevity payments, and an hourly stipend for
holding a commercial driver's license. Plaintiffs alleged Defendant failed to add these
other forms of remuneration to their base wages in their regular rate calculations for
overtime due under the FLSA, and thus, underpaid them.

3.      The parties engaged in a full course of cooperative discovery and
meaningful settlement negotiations throughout this controversy. Defendant produced all
Plaintiffs' payroll records, and in connection with the possible settlement of this action,
the parties cooperated in agreeing to a settlement formula, based on the FLSA and its
Regulations, designed to make the Plaintiffs whole for the alleged violation including
statutory exclusions from the regular rate set forth in 29 U.S.C. 207(e), as interpreted by
the United States Department of Labor in 29 C.F.R. 778.400 *et seq*.

4.      Defendant submitted proposed formulations with backup data to Plaintiffs
for review several times. Counsel for Defendant and Plaintiffs reviewed all formulations
for accuracy and mutually agreed to amendments.

5.      The Settlement Agreement calls for Defendant to pay each Plaintiff back
pay for a period extending from two years prior to the commencement of the action until
the date Defendant began complying with the FLSA's regular rate requirement, which
was July 31, 2013. This recovery period equates to the maximum limitations period

2

mandated by the FLSA. 29 U.S.C. § 255(a). In addition, Defendant agreed to pay each Plaintiff an equal amount of "liquidated" damages, which the court might have awarded in its discretion under 29 U.S.C. § 216(b) and § 260. Finally, Defendant has agreed to pay Plaintiffs' attorney's fees and expenses, which are mandated by 29 U.S.C. § 216(b), apart from sums to be paid Plaintiffs. The parties have agreed that this payment will total $30,000.00.

6.     Each individual Plaintiff was permitted to review and object to his proposed damage calculation and the records upon which the calculation was based. One such objection was raised, and the parties, with respective counsel, met with the objecting Plaintiff on November 25, 2013. The objecting Plaintiff was satisfied with his review of the data upon which his calculation was based and the explanation he received on how his damage calculation was formulated. All Plaintiffs have signed agreements representing that they had the opportunity to review their damage calculations, and that the settlement is fair and meets their approval. (Ex.'s 1-34.)

7.     Plaintiffs were represented in this action by Attorney Daniel W. Rice, of Glynn, Landry & Rice, of Braintree, MA. Attorney Rice has represented classes of unionized public employees in other actions in this court alleging FLSA regular rate violations, including in *Marrotta v. Suffolk County*, C.A. NO. 05-10032-WGY, and its related case, *Brown v. Suffolk County, 05-10188-WGY; Wilson et al. v. Lynn Water & Sewer Dept.*, 08- 11590-MBB; *Carpenter et al. v. Town of Burlington, 08-cv-11703-NMG; Rudy et al. v. City of Lowell, 07-11567-NMG; Maker et al. v. Town of Lincoln, 12-10694-JCB.* Through the course of this instant litigation, Attorney Rice held a number of face-to-face meetings with Plaintiffs or their union representatives at the Revere DPW or

3

other locations in Revere, and provided them with written materials explaining the nature of the case, status of the litigation, and basis for the settlement proposal. The agreement to pay fees to Attorney Rice in the amount of $30,000.00 is fair and reasonable given the time and labor required to resolve this action, the complexity of the issues involved, the results obtained, the public interest served in enforcing the FLSA, and the skill and experience of counsel. See *Johnson v. Georgia Highway Express*, 488 F.2d 714, 717-719 (5th Cir. 1974) (listing factors for consideration in award of counsel fees).

8.     Defendant shall make all payments due under the Settlement Agreement within 30 days of this Order. Without affecting this Order, the Court retains jurisdiction over the consummation, performance, administration, effectuation and enforcement of the terms of the Settlement Agreement.

9.     All Plaintiffs in this action are barred and precluded from bringing any claims against the Defendant under the FLSA for the period February 3, 2010 through July 31, 2013.

10.     Based on the foregoing, approval of the settlement of this matter is fundamentally fair, adequate, and reasonable, in accordance with *Lynn's Food Stores, Inc. v. U.S.,* 679 F.2d 1350, 1353 (11th Cir. 1982). Following a full course of discovery and meaningful settlement, Defendant has agreed to pay each Plaintiff double the amount of back pay damages to which they are entitled under the FLSA, and to pay their counsel fees and expenses separate from this amount. Defendant now complies with the FLSA in its regular rate calculations. Each Plaintiff had a full and fair opportunity to review his damage calculations and has confirmed that they are accurate and that the terms of this settlement are fair.

11.     Except as to any matters specifically provided for in this Order, this action is dismissed in its entirety with prejudice and without costs to any party.

12.     The Court finds pursuant to Fed. R. Civ. P. 54(b) that there is no reason for delay and directs the Clerk to enter this Order of Approval. The Court will also execute the proposed Order Confirming Settlement and Directing Execution in Accordance with the Terms Thereof, ordering the Defendant's Treasurer to make the payments contemplated herein, filed separately.

IT IS SO ORDERED.

Dated this 30th day of January, 2014.

Douglas P. Woodlock
United States Judge

6